## Commonwealth v. Isabella

*Robert O'Connor, Assistant District Attorney,* for Commonwealth.

*Ralph N. Isabella,* in propria persona.

BROWN, *P.J.,* February 18, 1981—On the afternoon of July 20, 1980 defendant was issued a citation by John D. Angus, Special Waterways Patrolman for the Pennsylvania Fish Commission. The citation arose out of an alleged violation of 58 Pa. Code §97.6 relating to the carrying of personal floatation devices on a boat. The incident occurred

on the West Branch of the Susquehanna River when SWP Angus came upon defendant and one other person in an inflatable raft. At the time defendant was lying on the raft on his stomach. The raft itself has approximate dimensions of six feet by three feet and when inflated would be eight to twelve inches high with a recessed bottom. It is constructed of a vinyl substance and is for the occupancy of persons. It also has oarlocks and oars.

The dispute between the Commonwealth and defendant centers on whether the craft being utilized by defendant is properly defined as a boat. For the purpose of administering the boating regulations a boat is described in 58 Pa.Code §91.2 as "[e]very description of watercraft constructed or sold for the primary purpose of being used as a means of transportation on the water. The term does not include . . . [s]urfboards and other similar nonpowered contrivances used primarily as swimming aids." The term "watercraft" is further defined in the same section as "[e]very description of device used on the water or ice or capable of being used as a means of transport on water; the term includes boats, motorboats, iceboats, all terrain or amphibious vehicles when used on water and all such other devices. . . ." These regulatory definitions are also contained in the Pennsylvania Motor Boat Law of May 28, 1931, P.L. 202, as amended, 55 P.S. §§483 and 486, which authorizes the Fish Commission to promulgate the regulations in question.

While it appears that defendant may have in fact been using the boat as a swimming device or aid, the statute and the regulations in question do not address themselves to the manner in which the watercraft is actually used but instead focus on the primary purpose of the craft. In this case a reasonable argument can be made that despite the small-

ness of size of the craft occupied by defendant, it was primarily constructed for transportation on the water and not as a swimming aid and that it is sold primarily for such transportation purposes. The craft is capable of holding passengers and also has oarlocks and oars which indicate a primary use of transportation on water.

Defendant's legal position is understandable in view of the size of the craft and his actual use of it at the time. However, these considerations have not been adopted by the legislature in its enactment of legislation regulating boat use. Thus, the court cannot adopt defendant's points in interpreting the statute and regulations, since to do so would be to ignore conflicting standards established by the legislature and enmesh the court in legislating in contravention of the constitutional principle of separation of powers. To the extent defendant's arguments have merit they should be presented to the legislature and not the judiciary.

### ORDER

And now, February 18, 1981, based upon the foregoing memorandum, the court finds defendant guilty of violating 58 Pa. Code § 97.6 and imposes a fine of $25 plus the costs of prosecution on account of said violation.